UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ABRAHAM C. SIMPSON,

Plaintiff,

v.

STATE OF NEVADA,

Defendant.

Case No. 2:26-cv-00174-ART-DJA

Order Dismissing Complaint and Closing Case

## I.    DISCUSSION

Plaintiff Abraham C. Simpson, who is in the custody of the Nevada Department of Corrections ("NDOC"), has filed an application to proceed *in forma pauperis* (ECF No. 4) and has submitted a purported civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1.) The Court now addresses Plaintiff's initiating documents.

Plaintiff used this Court's form for a civil rights complaint. But his claim is that he is incarcerated under a "faulty" judgment of conviction in violation of his due process rights. (ECF No. 1-1 at 2-3.) He also references a sentence modification. The relief he seeks is immediate release from custody. (*Id.* at 4.) His claim, therefore, implicates his rights under habeas corpus. 28 U.S.C. § 2254(a) provides that a court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Plaintiff cannot pursue habeas relief in a § 1983 case. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

1

(state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

The Court, therefore, must dismiss this action as improperly brought under § 1983. If Plaintiff seeks to pursue habeas relief, he must file a habeas petition on this Court's habeas petition form, together with either the $5.00 filing fee or a fully completed application to proceed *in forma pauperis*, in a new case with a new case number.

**II. CONCLUSION**

It is therefore ordered that this § 1983 action is **dismissed** without prejudice as set forth in this order.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* **(ECF No. 4) is denied** as moot.

It is further ordered that Plaintiff's motion for appointment of counsel **(ECF No. 6)** is denied as moot.

It is further ordered that the Clerk of Court send to Plaintiff this Court's § 2254 habeas petition form, the application to proceed *in forma pauperis* form with instructions, and a copy of the Complaint filed in this case (ECF No. 1-1).

The Clerk is directed to enter judgment accordingly and close this case.

DATED THIS 6th day of February 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE